UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON JEFFREY ANDREWS,

       Petitioner,

                                                                                CASE NO. 2:06-CV-13709
v.                                                                         HONORABLE VICTORIA A. ROBERTS

HAROLD WHITE,

       Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       Darron Jeffrey Andrews ("Petitioner"), a Michigan prisoner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Michigan Parole Board's decision to deny him parole. Petitioner was convicted of breaking and entering an occupied building, Mich. Comp. L. § 750.520b, in the Oakland County Circuit Court and was sentenced as a second habitual offender to one year six months to 15 years imprisonment on November 15, 1986. He also pleaded guilty to first-degree criminal sexual conduct, Mich. Comp. L. § 750.110b (person under 13 years old), in the Oakland County Circuit Court and was sentenced as a second habitual offender to four years to 20 years imprisonment on November 3, 1987. Petitioner was released on parole in January, 1996. He was subsequently found guilty of violating his parole for having contact with minor children at two locations and for submitting a false report that he had no police contact. Petitioner's parole was revoked and he was returned to

1

prison. The Michigan Parole Board has since denied Petitioner parole. The most recent parole denial, as of the filing date of this petition, occurred in March, 2006.[1]

In his pleadings, Petitioner asserts that the Michigan Parole Board has violated its own policies and the law by using his past criminal history and the same reasoning to continue to deny him parole. Petitioner claims that the denials violate his due process rights, as well as his rights to be free from double jeopardy and cruel and unusual punishment. Respondent has filed an answer to the petition contending that it should be denied because the claims are unexhausted, non-cognizable, and/or lack merit. For the reasons stated herein, the Court denies the petition for writ of habeas corpus and denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.    Discussion

Petitioner first asserts that the Michigan Parole Board has violated state law in denying him parole. To warrant federal habeas relief, however, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998). Accordingly, to the extent that Petitioner asserts a violation of Michigan law, he is not entitled to habeas relief.

Petitioner also alleges a violation of his federal due process rights. The Fourteenth

---

[1] That decision states that the Parole Board would reconsider Petitioner's parole eligibility in July, 2007. Petitioner is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"). Thus, the Court presumes that the Parole Board has continued to deny Petitioner release on parole.

Amendment to the United States Constitution provides, in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *See Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Id*. at 461. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). As the Court further advised:

> "A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*,

specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72).

Applying these standards, the Michigan Court of Appeals and the federal courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has no protected liberty interest in parole, his due process claims are not cognizable on federal habeas review. He is thus not entitled to relief on this claim.

The United States Court of Appeals for the Sixth Circuit has stated that "substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race or political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest." *Mayrides v. Chaudhry*, 43 Fed. Appx. 743, 746 (6th Cir. 2002). Petitioner, however, presents no evidence in support of such a claim nor does the record reveal any such impropriety. In fact, the record before this Court indicates that the Parole Board relied upon permissible factors, such as Petitioner's criminal history, substance abuse, prison

record, and parole failure, to deny him release on parole. There is no indication that the Parole Board relied upon improper considerations or was otherwise biased against him. Petitioner's conclusory allegations to the contrary simply do not justify federal habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Petitioner also asserts that the Parole Board's decision and reliance upon his past criminal history to deny him parole violates double jeopardy. This claim lacks merit. The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 801-03 (1989); *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 Fed. Appx. 489, 490 (6th Cir. 2001); *Owens v. Birkett*, No. 2:07-CV-14930, 2007 WL 4327814, *2 (E.D. Mich. Dec. 7, 2007) (citing *Ellick* and denying habeas relief on similar claim); *Stewart v. Flintoft*, No. 00-10487-BC, 2002 WL 31748842, *3 (E.D. Mich. Dec. 2, 2002) (parole denial does not implicate the Double Jeopardy Clause because it does not extend a sentence beyond original term imposed by court); *see also Mayrides*, 43 Fed. Appx. at 745–46 (Ohio Parole Board's decision based on nature of prisoner's conviction did not violate double jeopardy). Petitioner has neither alleged nor established that he is being held beyond the expiration of his sentence. He is not entitled to relief on this claim.

Lastly, Petitioner contends that the denial of parole constitutes cruel and unusual punishment. This claim lacks merit. The Eighth Amendment to the United States Constitution protects an incarcerated individual from the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Consequently, punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The United States Court of Appeals for the Sixth Circuit has stated that the denial of parole "does not implicate the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The denial of parole clearly does not fall under this umbrella." *Carnes v. Engler*, 76 Fed. Appx. 79, 81 (6th Cir. 2003); *see also Johnson v. Booker*, No. 08-CV-12726, 2008 WL 3020878, *2 (E.D. Mich. Aug. 4, 2008) (rejecting similar challenge to parole denial); *accord Lee-Bryant v. Sindles*, No. 2:08-CV-121, 2009 WL 528959, *4 (W.D. Mich. March 2, 2009) (adopting magistrate judge's report). Habeas relief is therefore not warranted on this claim.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and that his petition must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

6

would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims such that a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

              s/Victoria A. Roberts
              Victoria A. Roberts
              United States District Judge

Dated:  March 26, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Darron Andrews by electronic means or U.S. Mail on March 26, 2009.

s/Linda Vertriest
Deputy Clerk